UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 29 2010 ★
BROOKLYN OFFICE

| | |
|---|---|
| GABRIEL IMBERT | Case No. _____ |
| Plaintiff, | |
| vs. | COMPLAINT |
| RELIANT CAPITAL SOLUTIONS, LLC | Jury Trial Demanded |
| Defendant. | |

BLOCK, J.
BLOOM, M.J.

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Gabriel Imbert ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Nassau, and City of Elmont.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Reliant Capital Solutions, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant repeatedly contacted Plaintiff at Plaintiff's place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer, including repeatedly contacting Plaintiff at work after being advised that Plaintiff was a floor nurse at a hospital and such phone calls could not be accepted.

12. On one such occasion, on or about July 22, 2010, Defendant contacted Plaintiff's employer and demanded that Plaintiff come to the phone.

13. At that time, Plaintiff was suctioning a patient's wounds and had to stop the procedure in order to take the Defendant's phone call, which Defendant knew was prohibited (§ 1692c(a)(1)(3)).

14. Defendant threatened to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including Defendant threatening to sue Plaintiff with 48 hours of the initial phone call with the collector if Plaintiff did not make immediate payment.

15. In fact, Plaintiff did not make such payment and she was not sued by Defendant within the threatened time frame (§ 1692e(5)).

16. Defendant disclosed to a third party the existence of the debt allegedly owed by Plaintiff, including Defendant's contacting Plaintiff's work and disclosing the existence of the alleged debt to Plaintiff's supervisor and co-workers and refusing to terminate the call until Plaintiff is paged at the hospital to take the call (§ 1692b(2) & § 1692c(b)).

17. Defendant communicated and/or threatened to communicate credit information which is known or which should be known to be false, including Defendant's collector threatening to "ruin [Plaintiff's] credit" if she did not come to an immediate payment arrangement (§ 1692e(8)).

18. Defendant failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including Defendant's failure to provide Plaintiff with any writing whatsoever tending to advise of Plaintiff's right to dispute the alleged debt, or any portion thereof,

within the required statutory time frame, or of her right to demand verification of same within the statutorily required period (§ 1692g(a)).

19. Defendant made representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a), including Defendant's threatening to sue Plaintiff on the alleged account within 48 hours of her first contact with Defendant (§ 1692g(b)).

20. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby demands a trial by jury.

This 26th day of October, 2010.

ATTORNEYS FOR PLAINTIFF
*Gabriel Imbert*

Respectfully submitted,

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004

**Please send correspondence to the address below**

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012